UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RAPHAEL MENDEZ,

Case No. 21-CV-1147 (PJS/BRT)

Plaintiff,

v.

ORDER

WARDEN STEVEN KALLIS, TRUST
FUNDS COMMISSARY SALES,
MR. WOLTMAN, and MS. HODGE,

Defendants.

This matter is before the Court on plaintiff Raphael Mendez's objection to the May 27, 2021 Report and Recommendation ("R&R") of Magistrate Judge Becky R. Thorson. Judge Thorson recommends dismissing Mendez's complaint, denying as moot his application to proceed without prepayment of fees, and placing a filing restriction on Mendez. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Mendez's objection and adopts Judge Thorson's R&R in all respects save one: The Court will impose a broader filing restriction than that recommended by Judge Thorson.

Mendez is civilly committed at FMC Rochester. The principal complaint that he raises in this lawsuit is that he ordered sour-cream-and-onion potato chips from the commissary but received plain potato chips instead. He also raises claims concerning mind reading and the denial of justice to a third party. ECF No. 1. As Judge Thorson

correctly explained, these claims are either frivolous or fail on the merits. ECF No. 3 at 5–8.

In his objection, Mendez appears to have largely abandoned these claims and instead emphasizes that he is being falsely imprisoned.[1] ECF No. 4 at 2–3. But Mendez has already litigated the legality of his civil commitment on numerous occasions—and, as Mendez well knows, if he wishes to again challenge the validity of his civil commitment, he must do so in a habeas petition pursuant to 28 U.S.C. § 2241. *See Mendez v. Paul*, No. 18-CV-2817 (PJS/HB), 2020 WL 563941, at *2 (D. Minn. Feb. 5, 2020), *aff'd*, No. 20-1353, 2020 WL 4876327 (8th Cir. June 1, 2020).[2]

Mendez also appears to request a writ of mandamus, apparently seeking relief from the "JUDICIAL USURPATION" that resulted in his alleged false imprisonment. ECF No. 4 at 2. Mendez did not raise the issue of a writ of mandamus before Judge Thorson, though, and a "party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge." *Hammann v. 1-800 Ideas.com, Inc.*,

---

[1]Mendez asserts that he is "being mistreated under [FMC Rochester's] Conspiracy Involvement To Prohibited Practice of Spiritualism under Title 14 VIC 2221 (6) & (17)." ECF No. 4 at 1 (errors in original). This claim "lacks an arguable basis" in both law and fact, and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2]Mendez has filed multiple habeas petitions challenging his commitment. *See, e.g., Mendez v. Kallis*, No. 20-CV-1084 (WMW/HB), 2020 WL 8083874 (D. Minn. Sept. 28, 2020), *R&R adopted*, 2021 WL 101124 (D. Minn. Jan. 12, 2021), *aff'd*, No. 21-1484, slip op. (8th Cir. Mar. 29, 2021); *Mendez v. Bureau of Prisons*, No. 08-CV-4971 (JMR/RLE), 2009 WL 3856925 (D. Minn. Nov. 17, 2009), *aff'd*, 391 F. App'x 577 (8th Cir. 2010) (per curiam).

455 F. Supp. 2d 942, 947–48 (D. Minn. 2006). Even if it was properly before the Court, Mendez's request would fail on the merits. As Mendez knows, a writ of mandamus is a "drastic remedy." *In re Mendez*, 653 F. App'x 158, 159 (3d Cir. 2016) (per curiam). Mendez has not shown that he has "a clear and indisputable right to the relief sought" or that he "has no other adequate remedy." *Castillo v. Ridge*, 445 F.3d 1057, 1060–61 (8th Cir. 2006) (listing requirements for district court to grant writ of mandamus); *see also In re Mendez*, 470 F. App'x 165, 166 (4th Cir. 2012) (per curiam) (denying Mendez's petition for a writ of mandamus directing his release). Therefore, Mendez is not entitled to a writ of mandamus.

Mendez next accuses Judge Thorson of bias and of participating in his false imprisonment, and asks the Court to file papers against Judge Thorson with the United States Attorney General. ECF No. 4 at 3–4. This claim is frivolous. *See Mendez*, 2020 WL 563941, at *2 (rejecting as frivolous a similar claim made by Mendez against a different magistrate judge). Mendez also cites a regulation on procedures for government attorneys to file recusal motions, 28 C.F.R. § 50.19; to the extent that he is requesting Judge Thorson's recusal, that request is denied. *See United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013) (finding no basis for recusal due to adverse judicial rulings without any evidence of partiality).

Finally, Mendez objects to Judge Thorson's recommendation that the Court impose a filing restriction. ECF No. 4 at 5. Having reviewed Mendez's filing history, the Court agrees with Judge Thorson that Mendez meets the criteria for placement on the restricted filing list and that other sanctions would be inadequate. ECF No. 3 at 8–11 (noting Mendez has filed 34 actions, none of which resulted in any relief and many of which were patently frivolous); *see Westley v. Bryant*, No. 14-CV-5002 (PJS/BRT), 2015 WL 2242161, at *10 (D. Minn. May 12, 2015) (listing as factors: history of litigation, existence of a good faith basis for pursuing the litigation, creation of needless expense to other parties or an unnecessary burden on the courts, and whether other sanctions would be adequate).

Judge Thorson recommended that "Mendez be restricted from filing any new civil actions in this District—except [for] civil actions seeking petitions for a writ of habeas corpus . . . or analogous relief—unless he is represented by counsel or first obtains prior written authorization to file an action from a judicial officer of this District." ECF No. 3 at 11. This Court will impose a broader restriction than that recommended by Judge Thorson and restrict Mendez from filing civil actions of any type in this District. This Court will not make an exception for habeas actions for two reasons: First, as noted above, Mendez has filed numerous frivolous habeas actions[3];

---

[3]*See, e.g., Mendez v. Kallis*, No. 20-CV-1084 (WMW/HB), 2020 WL 8083874
(continued...)

there is no reason to allow him to continue to do so.  And second, the exception

suggested by Judge Thorson would result in disputes over whether the relief sought by

Mendez is "analogous" to habeas relief—a matter that is not always clear.  *See, e.g.*,

*Frohlich v. United States*, No. 20-CV-2692 (PJS/HB), 2021 WL 2531188, at *1–2 (D. Minn.

June 21, 2021), *appeal docketed*, No. 21-2522 (8th Cir. July 12, 2021).

There is no legal barrier to imposing this restriction on Mendez.  Courts have

imposed similar restrictions on countless prior occasions.[4]  Mendez remains free to

---

[3](...continued)
(D. Minn. Sept. 28, 2020), *R&R adopted*, 2021 WL 101124 (D. Minn. Jan. 12, 2021), *aff'd*,
No. 21-1484, slip op. (8th Cir. Mar. 29, 2021); *Mendez v. Kallis*, No. 20-CV-0924
(ECT/ECW), 2020 WL 2573232 (D. Minn. Apr. 20, 2020), *R&R adopted*, 2020 WL 2572524
(D. Minn. May 21, 2020), *aff'd*, No. 20-2187, 2020 WL 7253502 (8th Cir. Sept. 18, 2020);
*Mendez v. Paul*, 19-CV-0183 (PAM/LIB), 2019 WL 5150038 (D. Minn. July 23, 2019)
(construing filing as a habeas petition), *R&R adopted*, 2019 WL 3928871 (D. Minn.
Aug. 20, 2019), *aff'd*, No. 19-2935, 2020 WL 1154790 (8th Cir. Jan. 22, 2020); *Mendez v. Jett*,
No. 13-CV-1270 (ADM/FLN), slip op. (D. Minn. July 2, 2013), *aff'd*, No. 13-2719, slip op.
(8th Cir. Oct. 1, 2013); *Mendez v. United States*, No. 12-CV-0028 (ADM/FLN), 2012 WL
1110138 (D. Minn. Jan. 24, 2012), *R&R adopted*, 2012 WL 1110125 (D. Minn. Apr. 3, 2012),
*aff'd*, No. 12-1999, slip op. (8th Cir. May 23, 2012); *Mendez v. Fed. Bureau of Prisons*,
No. 09-CV-2496 (JMR/RLE), 2010 WL 11602633 (D. Minn. July 2, 2010), *R&R adopted*,
2010 WL 11602634 (D. Minn. Aug. 3, 2010), *aff'd*, 402 F. App'x 148 (8th Cir. 2010) (per
curiam); *Mendez v. Bureau of Prisons*, No. 08-CV-4971 (JMR/RLE), 2009 WL 3856925
(D. Minn. Nov. 17, 2009), *aff'd*, 391 F. App'x 577 (8th Cir. 2010) (per curiam).

[4]*See, e.g.*, *White v. McKinna*, 510 F. App'x 684, 687 (10th Cir. 2013) (enjoining a
petitioner "from proceeding in this court as an appellant, petitioner, or movant seeking
to raise a habeas claim without the representation of a licensed attorney . . . unless he
first obtains permission to proceed pro se"); *Deleston v. Fisher*, No. 12-CV-3006
(RHK/SER), 2013 WL 440529, at *2–3 (D. Minn. Jan. 4, 2013) (recommending directing
Clerk of Court not to "file any new pleading submitted by Petitioner, unless the

(continued...)

draft habeas petitions and seek the authorization of a judge to file them; if a petition is

even colorable, that permission will be granted. Thus, this Court is not suspending

"[t]he Privilege of the Writ of Habeas Corpus" in violation of Section 9 of Article I of the

United States Constitution.

For these reasons, Mendez's objection is overruled.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

the Court OVERRULES plaintiff Raphael Mendez's objection [ECF No. 4] and ADOPTS

IN PART the R&R [ECF No. 3]. IT IS HEREBY ORDERED THAT:

1.     Mendez's complaint [ECF No. 1] is DISMISSED.

2.     Mendez's application to proceed without prepayment of fees [ECF No. 2]

       is DENIED AS MOOT.

---

[4](...continued)
pleading has been signed by an attorney, or pre-approved for filing by a Judge" after
petitioner filed multiple frivolous habeas petitions), *R&R adopted*, 2013 WL 440523
(D. Minn. Feb. 5, 2013); *Crawford v. Fisher*, No. 12-CV-3071 (MJD/JJG), 2012 WL 7189308,
at *5 (D. Minn. Dec. 18, 2012) (recommending directing Clerk of Court not to "file any
new *pro se* pleading submitted by Petitioner, unless a Judge . . . has pre-approved the
pleading for filing," after petitioner filed multiple frivolous habeas petitions), *R&R
adopted*, 2013 WL 667313 (D. Minn. Feb. 25, 2013); *Antonelli v. Sanders*, No. 2:06CV00117,
2006 WL 1489206, at *1 (E.D. Ark. May 26, 2006) (prohibiting filing "any complaint,
habeas petition, motion, or other document in this Court without first obtaining
permission" from the chief judge).

3.      Mendez is RESTRICTED from filing any new civil actions in this District unless he is represented by counsel or obtains prior written authorization to file the action from a judicial officer of this District.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 12, 2021                     s/Patrick J. Schiltz

                                            Patrick J. Schiltz
                                            United States District Judge